JUSTICE McDONOUGH
respectfully dissents.
Riley is entitled to a rebuttable presumption that he would have followed the warning if such a warning had been given. Thus he would have satisfied the causation element of his failure to warn claim in the court’s consideration of the motion for a directed verdict.
The failure to warn case of product liability is different from the usual products liability case and adherence to the products liability causation criteria is an example of ossification. In a failure to warn case it is not the product itself which is unreasonably dangerous because of a defect in it, but that it is rendered unreasonably dangerous due to the failure to warn and inadequate labeling. Generally it is common sense that if an adequate warning has been presented or given the plaintiff would have read it and taken heed. For the plaintiff to actually testify as to whether or not he would have actually done it, is purely speculative in nature and self serving and in some cases would be impossible due to a death or lack of communication skills on the part of the plaintiff. See 53 A.L.R.3d 239, 247. In Harlow v. Chin (1989), 405 Mass. 697, 545 N.E.2d 602, 606, the court stated “The law permits an inference that a warning, once given, would have been followed.” The reason the law imposes a duty to give notice in the first place is the assumption that, because of the danger not commonly known to users, a warning is needed, and if given, will be heeded.
Comment j to the Restatement (Second) of Torts, § 402(a), 1965, states that when the warning is given, the seller may reasonably assume that it will be read and heeded, and when the product has such a warning, which is safe for use if it is followed, such product is *137 not in a defective condition nor is it unreasonably dangerous. By the same reasoning it is rational to grant a presumption that if the product should have a warning and if there had been a warning, it would have been read and acted upon to so minimize the risk.
In the first instance the rebuttable presumption benefits the manufacturer and in the second instance the rebuttable presumption benefits the injured. Placing the burden of rebutting this presumption of causation in the second example on the manufacturer is consistent with the policy behind strict liability. It would encourage manufacturers to provide safe products and to warn of the known dangers in the use of the products which might cause injury. It would also discourage any manufacturer from risking liability when he could have provided a warning, even if he felt that such warning would impair the salability of his product. See Nissen Trampoline Co. v. Terre Haute First Natl. Bk., 332 N.E.2d 820. The rebuttable presumption has been overwhelmingly supported in recent cases. See Walsh v. Ford Motor Co. (D.D.C. 1985), 106 F.R.D. 378; Knowlton v. Deseret Medical, Inc. (1st Cir. 1991), 930 F.2d 116, 123; Plummer v. Lederle Laboratories (2nd Cir. 1987), 819 F.2d 349; Reyes v. Wyeth Laboratories (5th Cir. 1974), 498 F.2d 1264, 1281; Petty v.United States (8th Cir. 1984), 740 F.2d 1428, 1437; Brazzell v. United States (N.D. Iowa 1985), 633 F.Supp. 62, 72; Wolfe v. Ford Motor Co. (Mass.App. 1978), 376 N.E.2d 143, 147; and Snawder v. Cohen (W.D.Ky. 1990), 749 F.Supp. 1473.
The case oí Kruger v. General Motors Corp. (1989), 240 Mont. 266, 783 P.2d 1340, is not analogous to this case. In Kruger there was no request for the presumption, nor was rebuttable presumption an issue in the case. The rebuttable presumption was not needed, nor raised, nor discussed. In this case it has been specifically raised.
The District Court erred in directing a verdict and I would reverse and remand for a new trial on the cause of action of a failure to warn.
JUSTICES HUNT and TRIEWEILER join in the foregoing dissent.